IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41245

Summary Calendar
_____

MATHEW VARUGHESE,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CV-427
_____

September 25, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mathew Varughese appeals the denial of his petition for a writ of habeas corpus. Varughese contends that his counsel was ineffective for not objecting to: argument made by the State asking the jury to consider his race as a basis for his conviction, testimony that his daughter wrote in her diary that he abused her, and testimony regarding the bad character of Indian men. Varughese also argues that his counsel was ineffective for failing to interview the State's expert or the defense expert about whether

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the burns on his shirt were caused by a "flash fire" and for failing to offer evidence that his fingers were burned in the fire.

The district court granted Varughese's motion for certificate of appealability (COA) concerning whether Varughese's counsel's failure to object to argument made by the state asking the jury to consider his race as a basis for his conviction prejudiced his defense. Varughese in his brief to this court raises the ineffectiveness-of-counsel issue, including matters for which the district court denied COA. Varughese later submitted a letter to this court specifically requesting that we consider all five claimed deficiencies of trial counsel in our resolution of the ineffective-assistance issue, rather than the single deficiency certified by the district court.

In this case there is some question as to whether a district court, using the COA procedure, can divide a claim of ineffective assistance into subparts for appellate review. There is also some question as to whether, assuming the issue is divisible, Varughese properly requested review of the issues that were not granted COA. *See United States v. Kimler*, No. 97-20320, 1998 WL 442846, at 1 (5th Cir. Aug. 5, 1998); *Lackey v. Johnson*, 116 F.3d 149 (5th Cir. 1997). Nevertheless, we need not reach these questions because, even if we were to consider all claims of ineffective assistance, we would deny relief because these arguments are without merit. We have carefully reviewed the record and the briefs, and, essentially for reasons adopted by the district court concerning this issue, we

2

AFFIRM the district court's judgment.  *See Varughese v. Johnson*, No. 4:96-CV-427 (E.D. Tex. Sep. 26, 1997)(unpublished).

AFFIRMED.